USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr. 30, 2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------- X
JOHN GARGANO,                    :
                                 :
                Petitioner,      :
                                 :        Nos. 12 Civ. 6503 (JFK)
     - against -                 :            02 Cr. 516 (JFK)
                                 :
UNITED STATES OF AMERICA,        :        OPINION & ORDER
                                 :
                Respondent.      :
-------------------------------- X
```

APPEARANCES

Petitioner John Gargano, Pro Se

For Respondent United States of America
     Preet Bharara
     United States Attorney, Southern District of New York
          Of Counsel:    Micah W. J. Smith

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Petitioner John Gargano's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion is denied.

## I. Background

On April 20, 2001, Gargano pled guilty in New Jersey Superior Court to a conspiracy to possess a controlled dangerous substance with the intent to distribute, a third-degree crime in violation of N.J. Stat. Ann. § 2C:5-2. He was sentenced to one year of probation. (Pet'r Mem. Ex. A.)

On March 12, 2002, Gargano was arrested on a warrant issued in this District and charged with conspiring to distribute and possess with intent to distribute five grams and more of crystal methamphetamine.  On December 18, 2002, Gargano signed a written cooperation agreement with the Government.  The agreement informed Gargano that the Government would file a prior felony information regarding the New Jersey conviction.  Under the agreement, Gargano agreed to acknowledge the prior conviction. (Gov't Mem. Ex. A, at 1.)

Pursuant to the agreement, Gargano pled guilty before this Court to a three-count Information.  Count One charged him with a conspiracy, under 21 U.S.C. § 846, to distribute and possess with intent to distribute (i) 500 grams or more of crystal methamphetamine in violation of §§ 812, 841(a)(1), and 841(b)(1)(A); (ii) 15,000 pills containing 3,4-Methylenedioxymethamphetamine (also known as "MDMA" or "ecstasy") in violation of §§ 812, 841(a)(1), and 841(b)(1)(C); and (iii) ketamine in violation of §§ 812, 841(a)(1), and 841(b)(1)(D).  Count Two charged Gargano with distributing and possessing with intent to distribute seven grams of methamphetamine in violation of §§ 812, 841(a)(1), 841(b)(1)(B). Count Three charged Gargano with distributing and possessing with intent to distribute 1,000 MDMA pills in violation of §§ 812, 841(a)(1), and 841(b)(1)(C).  After pleading guilty,

-2-

Gargano violated the terms of his cooperation agreement when he was arrested by DEA agents. (Sentencing Tr. 11.)

The instant motion only challenges the sentence he received for Count One. On that count, Gargano faced a maximum sentence of life imprisonment with a mandatory minimum of ten years. See § 841(b)(1)(A). However, the mandatory minimum increased to twenty years after the filing of the prior felony information. See id. At his sentencing on November 30, 2004, Gargano affirmed, in accordance with § 851(b), that he was previously convicted in New Jersey of conspiracy to possess and distribute in the third degree. (Sentencing Tr. 13–14.) On Count One, this Court sentenced Gargano to the mandatory minimum, twenty years, to be followed by ten years of supervised release. (Id. at 16.)

Gargano directly appealed his sentence, arguing that the twenty-year mandatory minimum was erroneous because the prior New Jersey conviction was based on the same conduct as the instant conviction and that the dual sentences violated the Double Jeopardy Clause of the Fifth Amendment. The Second Circuit rejected both of Gargano's arguments and affirmed this Court's judgment on August 11, 2005. United States v. Gargano, 144 F. App'x 905, 906 (2d Cir. 2005) (summary order). Gargano did not appeal that decision, rendering the judgment final ninety days later.

Gargano now moves to vacate his sentence.[1]  He argues that his mandatory minimum sentence should not have been increased from ten to twenty years because his New Jersey conviction was not "punishable by imprisonment for more than one year." See §§ 802(44), 841(b)(1)(A).  For support he cites a Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which applied reasoning from the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010).

## II. Discussion

### A. Legal Standard

Section 2255 allows a prisoner held in federal custody to collaterally challenge his federal conviction or sentence. See 28 U.S.C. § 2255(a).  To obtain relief under this provision, a petitioner must establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  Because Gargano is proceeding pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995), and will be

---

[1] Gargano also petitions for coram nobis relief.  However, he is ineligible for such relief because he is still in federal custody. See Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014) ("A writ of error coram nobis is an extraordinary remedy typically available only when habeas relief is unwarranted because the petitioner is no longer in custody." (citations and internal quotation marks omitted)).

read "to raise the strongest arguments that they suggest," <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted).

There is a one-year statute of limitations for § 2255 motions.  The clock begins to run from the latest of the date on which:  (1) the judgment becomes final; (2) a government-created impediment to making such a motion is removed; (3) the Supreme Court recognizes the asserted right as a new right, if the new right is made retroactively applicable on collateral review; or (4) when the facts supporting the claim could have been discovered by exercise of due diligence. <u>See</u> § 2255(f).  Here, the judgment became final on November 9, 2006 — one year after the Second Circuit's order became final.

The statute of limitations may be equitably tolled in certain circumstances because it is not a jurisdictional bar. <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000).  In order to equitably toll the statute of limitations, a petitioner must show that (1) extraordinary circumstances prevented the filing of his petition within the statute of limitations, and (2) he acted with reasonable diligence. <u>See Baldayaque v. United States</u>, 338 F.3d 145, 150 (2d Cir. 2003).

## B. Application

### 1. The Petition Is Untimely

Gargano argues that his petition is timely for two reasons. First, he asserts that the Fourth Circuit's holding in Simmons is a new "fact" under § 2255(f)(4). For support, Gargano urges this Court to consider Johnson v. United States, 544 U.S. 295 (2005). But Johnson does not help Petitioner because the "fact" in that case was the vacatur of the inmate's prior state conviction. Id. at 300–02. Here, Gargano's prior New Jersey conviction has not been vacated. Furthermore, Simmons and Carachuri-Rosendo are not part of Gargano's litigation history and do not reveal facts about him, his conviction, or his sentence. As such, Simmons and Carachuri-Rosendo are not new facts and they did not restart the statute of limitations. See Lo v. Endicott, 506 F.3d 572, 575–76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006); see also United States v. Sawyer, ––– F. App'x ––––, 2014 WL 211896, at *1 (4th Cir. 2014) (per curiam) ("[T]he decision in Simmons is not a fact for purposes of § 2255(f)(4) because it is not a legal decision that occurred in [Petitioner's] own case."). Simmons and Carachuri-Rosendo reflect the law and, therefore, might more naturally be applicable under § 2255(f)(3). However, § 2255(f)(3) "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date

-6-

on which the right asserted was initially recognized by the Supreme Court.'" Dodd v. United States, 545 U.S. 353, 357 (2005). Gargano's petition is therefore also untimely under § 2255(f)(3) because Simmons is not a Supreme Court case, and Carachuri-Rosendo was decided on June 14, 2010 — more than two years before Gargano filed his petition. See Holman v. United States, No. 12 Civ. 986, 2013 WL 593778, at *4 (D. Conn. Feb. 15, 2013).

Second, Gargano argues that Simmons represents an "extraordinary" change in Fourth Circuit caselaw, qualifying him for equitable tolling. However, "helpful precedent" is not an extraordinary circumstance. See Aiken v. United States, Nos. 12 Civ. 6120, 06 Cr. 479, 2013 WL 4457372, at *2 (S.D.N.Y. Aug. 20, 2013); Tellado v. United States, 799 F. Supp. 2d 156, 165 (D. Conn. 2011).

Furthermore, nothing foreclosed the argument that Gargano now seeks to advance. There was already helpful precedent before Simmons in the form of a Sixth Circuit opinion, United States v. Pruitt, 545 F.3d 416, 422–24 (6th Cir. 2008); an Eighth Circuit case, United States v. Haltiwanger, 637 F.3d 881, 884 (8th Cir. 2011); and Carachuri-Rosendo. See Simmons, 649 F.3d at 244 (noting that its holding is consistent with Haltiwanger and Pruitt). Gargano does not provide, and this Court could not find, a Second Circuit case foreclosing the

argument he makes now.  Indeed, in 2008, the Second Circuit was
on the right side of the circuit split resolved in Carachuri-
Rosendo.  See 560 U.S. at 573 n.9 (describing the circuit split);
Alsol v. Mukasey, 548 F.3d 207, 214 (2d Cir. 2008) (holding that
a second simple drug possession conviction is not an "aggravated
felony").  Tellingly, none of the Second Circuit cases he does
cite concern New Jersey crimes or § 841(b)(1)(A).  Thus, nothing
about the Second Circuit's pre-Simmons legal landscape prevented
Gargano from filing his petition.[2]

Confronted with a time-barred petition, Gargano asks the
Court to take notice of several cases from the North Carolina
district courts and one case from the Eastern District of
Kentucky where the government waived its statute of limitations
defense.  According to Petitioner, these cases demonstrate the
Department of Justice's "uniform, national policy" of waiving
the statute of limitations. (Pet'r Mem. of Add'l Auths. 5.)  He
argues that his due process rights are being violated because he
is being treated differently by not having the statute of
limitations waived.  He seeks disclosure of the policy of the
U.S. Attorney's Office for the Southern District of New York
concerning cases where a mandatory minimum was wrongly imposed.

---

[2] The Fourth Circuit has recently held that Simmons is an extraordinary
circumstance allowing for the statute of limitations to be equitably
tolled.  See Whiteside v. United States, --- F.3d ----, 2014 WL
1364019, at *3-5 (4th Cir. 2014).  For the reasons discussed below,
Simmons does not apply in the instant case.

Simmons is not controlling precedent in the Second Circuit and, on its own terms, applies only to the "unique statutory regime" in North Carolina. See 649 F.3d at 240. While its reasoning may help color analysis of similar sentencing regimes, nothing about Simmons commands a uniform policy. There is thus no need for the U.S. Attorney for the Southern District of New York to have a policy addressing Simmons, no evidence of disparate treatment, and no violation of due process.

The North Carolina cases cited by Petitioner only reflect the U.S. Attorney's position in the North Carolina district courts and are limited to those persons convicted and sentenced under North Carolina law. See, e.g., Pratt v. United States, Nos. 11 Civ. 1028, 06 Cr. 310-2, 2013 WL 1402164 (M.D.N.C. Mar. 14, 2013). In other words, those cases are directly affected and inherently analogous to Simmons. The one Kentucky case does not suggest a national policy. In that case, as in the North Carolina cases, the U.S. Attorney's Office was convinced that the defendant had been erroneously sentenced as a recidivist. In fact, a review of the government's full memorandum in that case indicates that the maximum sentence faced by the defendant for his previous conviction for a fifth-degree felony was only twelve months. See Gov't Response to Order to Show Cause, United States v. Mitchell, No. 12 Civ. 7230 (E.D. Ky. Sept. 18, 2012), ECF No. 49, at 3. Here, the Government asserts that Gargano was

properly sentenced and that the New Jersey conviction qualified as a prior felony conviction that was punishable by imprisonment for more than one year.  For the reasons discussed below, that is a correct interpretation of the law.

The Government also argues that, in addition to being time barred, Gargano's petition should fail because Simmons does not apply retroactively and his argument was procedurally defaulted. As the Court finds that the petition is time barred, it need not consider whether the argument was also procedurally defaulted or whether Simmons is retroactive.[3]

## 2. The Petition Is Substantively Meritless

Even if Gargano had timely filed his petition, he would not be entitled to relief because Simmons simply does not apply to

---

[3] This Court previously held that Carachuri-Rosendo and Simmons do not apply retroactively. See Aiken, 2013 WL 4457372, at *3; see also Nelson v. United States, No. 12 Civ. 5265, 2013 WL 2182602, at *2-3 (D.N.J. May 20, 2013); Bowman v. United States, Nos. 05 Cr. 218, 12 Civ. 2249, 2013 WL 1914484, at *2 (D.S.C. May 8, 2013); Holman, 2013 WL 593778, at *4; Crawford v. United States, No. 12 Civ. 1545, 2012 WL 5199167, at *6 (D.N.J. Oct. 19, 2012); Bogardus v. United States, Nos. 10 Civ. 155, 05 Cr. 14, 2012 WL 292870, at *6 (S.D. Ga. Jan. 4, 2012) (collecting cases and stating that "nearly every court to consider whether Carachuri applies retroactively has concluded that it does not").  This holding was in accord with several Fourth Circuit cases. See United States v. Melvin, 507 F. App'x 296, 297 (4th Cir. 2013) (per curiam); United States v. Brown, 501 F. App'x 227, 227 (4th Cir. 2012) (per curiam); United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012).  However, the Fourth Circuit has since determined that Simmons, but not Carachuri-Rosendo, was a substantive change in the law and thus applies retroactively. See Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013).  Setting aside the question of what effect, if any, such a holding has in the Second Circuit, the Court notes that Miller recognized that the petitioner's argument would have been time barred if, like here, the government had not waived the statute of limitations. Id. at 143.

his New Jersey conviction.  Petitioner argues that, under
Carachuri-Rosendo as interpreted by the Fourth Circuit in
Simmons, his prior New Jersey conviction did not qualify as a
"felony drug offense" for the purposes of § 841(b)(1)(A).
Neither Carachuri-Rosendo nor Simmons changes the fact that, as
Gargano affirmed prior to his sentencing, his conviction for
third-degree conspiracy was punishable by more than one year of
imprisonment.

Carachuri-Rosendo involved a lawful permanent resident
facing deportation who sought discretionary cancelation of his
removal. See 560 U.S. at 566.  Carachuri-Rosendo would have been
ineligible for discretionary cancelation if he had ever been
convicted of an "aggravated felony." See id. at 567.  He was
previously convicted of two separate misdemeanor drug charges
under Texas law. See id. at 570-71.  For the second misdemeanor,
he was eligible for a sentencing enhancement if the State proved
the prior conviction, but the prosecutor did not seek such an
enhancement. See id. at 571.  The Supreme Court held that the
misdemeanor conviction, without the prior conviction
enhancement, did not qualify as an "aggravated felony" under
8 U.S.C. § 1229b(a)(3). See id. at 582.  In reaching this
conclusion, the Court rejected a "hypothetical" approach that
would have looked at the fact that the defendant could have been

-11-

convicted of a felony with the recidivist enhancement because he was not in fact convicted of such a felony. See id. at 580.

In Simmons, the Fourth Circuit applied the reasoning from Carachuri-Rosendo to § 841(b)(1)(B) and the "unique statutory regime" of the North Carolina Structured Sentencing Act. Simmons 649 F.3d at 239–40; see also Burgess v. United States, 553 U.S. 124, 134 n.5 (2008) (listing N.C. Gen. Stat. § 15A-1340.17 as an example of an "atypical categorization" of a crime as a felony even though it is punishable by a year or less in prison); Pruitt, 545 F.3d at 420 ("The structure of the North Carolina scheme effectively tailors the statutory maximum punishment available to each individual defendant."). As the Fourth Circuit noted, the North Carolina Sentencing Act is not a guidelines system and instead serves to "establish" the maximum term of imprisonment by mandating specific sentencing ranges. Simmons, 649 F.3d at 244. Under the North Carolina sentencing scheme, two factors place a ceiling on a defendant's maximum sentence:  the offense level and the defendant's "prior record level." See N.C. Gen. Stat. § 15A-1340.13(b).  The sentencing court calculates the prior record level by adding together assigned points for the offender's prior convictions, which the State has the burden of proving. See id. § 15A-1340.14(a)-(b), (f).  The defendant's prior record level creates the range within which he may be sentenced and places a hard ceiling on

his maximum sentence, meaning that an individual cannot be sentenced above the ceiling created by his "prior record level." See id. § 15A–1340.17.

Within the wide range created by the defendant's prior record level are three narrower windows:  mitigated, presumptive, and aggravated. See id. § 15A-1340.17(c).  The presumptive range forms a soft or flexible ceiling, meaning that the sentencing judge may sentence above the presumptive range in the higher "aggravated" range, but only if certain criteria are met. See id.  Specifically, the State must notify the defendant that it seeks to prove aggravating factors, id. § 15A-1340.16(a6), and a jury must find that those factors exist beyond a reasonable doubt, id. § 1340.16(a)–(a1).

After evaluating the North Carolina sentencing scheme in light of Carachuri-Rosendo, the Fourth Circuit held that Simmons had not previously been convicted of a crime punishable by imprisonment for more than one year for two reasons.  First, his prior record level formed a hard ceiling of less than one year of community punishment (i.e., nonimprisonment).[4] Simmons, 649 F.3d at 241.  Second, he was not charged with or convicted of an

---

[4] This Court notes that the defendants in two subsequent Fourth Circuit cases revisiting this issue did not have prior record levels that would have allowed for a sentence of more than one year imprisonment even if aggravating factors had been charged and proven. See Miller, 735 F.3d at 143 (eight months' imprisonment); Powell, 691 F.3d at 556 (noting that there was insufficient evidence in the record to calculate his prior record level).

aggravated offense and no aggravating factors were proven to a jury beyond a reasonable doubt. Id.

Neither Carachuri-Rosendo nor Simmons commands vacatur of Gargano's sentence.  This Court need not imagine a "hypothetical" conviction because, unlike Carachuri-Rosendo, Gargano was actually convicted of possession with intent to distribute a controlled substance — a third-degree crime in New Jersey.  Unlike in North Carolina, a New Jersey defendant's prior convictions do not create different sentencing levels.  In New Jersey, a third-degree crime is "punishable" by a term of imprisonment between three and five years, making five years the ceiling for imprisonment. See State v. Natale, 878 A.2d 724, 738 (N.J. 2005).  Thus, unlike Carachuri-Rosendo and Simmons, Gargano was actually convicted of a third-degree crime under New Jersey law and actually faced a maximum penalty of five years imprisonment.

Gargano correctly notes that the New Jersey sentencing scheme affords a presumption of nonimprisonment for first time offenders found guilty of third-degree crimes. See N.J. Stat. Ann. § 2C:44-1(e).  This presumption does not cast doubt on the correctness of Gargano's sentencing enhancement.  Despite the presumption of nonimprisonment, the New Jersey Code of Criminal Justice makes clear that "crimes"—whether of the first, second, third, or fourth degree—are those offenses for which a term of

imprisonment of at least six months is "authorized." N.J. Stat.
Ann. 2C:1-4.  Moreover, unlike North Carolina, New Jersey does
not require notice to the defendant nor does it require that
aggravating factors be proven to a jury beyond a reasonable
doubt.  Instead, at the time the New Jersey Superior Court
sentenced Gargano, New Jersey allowed (and still allows) the
sentencing court to consider aggravating and mitigating factors.
The sentencing court could have bypassed the presumption and
imposed a sentence within the three to five year range if, after
considering "the nature and circumstances of the offense and the
history, character and condition of the defendant," the
sentencing court concluded that the defendant's imprisonment was
"necessary for the protection of the public." Id. § 2C:44-1(e).
The sentencing court only needed to be persuaded that
imprisonment was necessary by a standard higher than "clear and
convincing" evidence. State v. Gardner, 551 A.2d 981, 984–85
(N.J. 1989).

These differences make clear that it was within the New
Jersey sentencing court's discretion to sentence Gargano to a
term of imprisonment between three and five years.  Thus, even
without a recidivist finding, Gargano's New Jersey conviction
alone exposed him to the possibility that the sentencing court
could sentence him to five years imprisonment based on its
balancing of the aggravating and mitigating factors. See Henries

-15-

v. United States, No. 05 Civ. 5013, 2008 WL 2386170, at *7
(D.N.J. June 9, 2008); see also United States v. Minnick, 949
F.2d 8, 9–10 (1st Cir. 1991); In re Chianese, 705 N.Y.S.2d 585,
587–88 (1st Dep't 2000) ("While it is true that the New Jersey
court weighed the aggravating factors against those in
mitigation in deciding against incarceration, the fact remains
that a person convicted of a crime in the third degree in New
Jersey may be sentenced to a term of imprisonment between three
and five years."). Since his conviction carried with it the
potential punishment of five years of imprisonment, it is
irrelevant that he was actually sentenced under the alternative
sentencing scheme calling for a presumption of nonimprisonment.
Cf. United States v. Miles, --- F.3d ----, 2014 WL 1386659, at
*4 (2d Cir. 2014) (interpreting the phrase "punishable by
imprisonment for a term exceeding one year" in 18 U.S.C.
§ 924(e)(2)(B) and applying it to a New York robbery in the
third degree). Gargano's New Jersey conviction was therefore
properly considered a prior conviction for a "felony drug
offense," and his mandatory minimum sentence was appropriately
set at twenty years.

### III. Conclusion

The Court has considered all of Petitioner's arguments and
has determined that they are without merit. Accordingly,

Petitioner's motion to vacate, set aside or correct his sentence
pursuant to § 2255 is denied.

The Court certifies, pursuant to 28 U.S.C. § 1951(a)(3),
that any appeal from this Order would not be taken in good
faith, and therefore in forma pauperis status is denied for the
purpose of an appeal. See Coppedge v. United States, 369 U.S.
438, 444-45 (1962).

Furthermore, as the Petitioner makes no substantial showing
of a denial of a constitutional right, a certificate of
appealability will not issue. See 28 U.S.C. § 2253.

Having ruled in accordance with the law, it nevertheless
seems to the Court that this may be an appropriate case for the
Executive Branch to reconsider the appropriateness of Gargano's
sentence in light of pending legislation, see Smarter Sentencing
Act of 2013, S. 1410, H.R. 3382, and in the spirit of the new
clemency initiative announced by the U.S. Department of Justice,
see Matt Apuzzo, Justice Dept. Expands Eligibility for Clemency,
N.Y. Times, Apr. 24, 2014, at A16.  After all, the Defendant has
already served over ten years, a tremendous amount of time.

**SO ORDERED.**

Dated:    New York, New York
          April 30, 2014

John F. Keenan
United States District Judge

-17-